IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DREAMWORKS MOTORSPORTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-0008 |
| | ) | |
| JONATHAN KLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion of Plaintiff Dreamworks Motorsports, Inc. ("Dreamworks") to remand this action to state court and to award just costs and actual expenses, including reasonable attorney's fees, against Defendant Jonathan Klein. (Doc. 11.) Klein moves to dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) For the reasons that follow, the court will grant Dreamworks's motion to remand and award it just costs and actual expenses, including attorney's fees, as a result of the removal. Consequently, the court denies Klein's motion to dismiss without prejudice as moot.

I.  BACKGROUND

Dreamworks is a North Carolina business located in Roxboro that specializes in renovating, repairing, and customizing automobiles and trucks. (Doc. 5 ¶ 4.) It services customers from

across the country, one of whom was Klein, a citizen of Maryland, who brought his 2002 BMW Model 5 car to Dreamworks for repair and customization beginning in 2018 and continuing intermittently through the summer of 2019.[1] (Id. ¶¶ 2, 5-9.) For this work, Dreamworks issued Klein several invoices for payment (Docs. 5-1, 5-2, 5-3, 5-4, 5-5), which it alleges Klein has only partially paid to date despite subsequent reminders and demands for payment and Klein's promises to pay the full amount. (Doc. 5 ¶¶ 6-13).

As a result of these repeated promises and subsequent failures to pay, Dreamworks filed suit against Klein in Person County Superior Court on August 11, 2022, alleging breach of contract, action on an open account, and unjust enrichment or quasi-contract, seeking the unpaid amount of $19,663.57, plus interest and costs. (Doc. 1 ¶ 9; Doc. 1-1 at 3-21.) In response, Klein moved to dismiss the complaint. (Doc. 12-1.) The Person County Superior Court heard the motion on April 10, 2023, and subsequently denied it. (Doc. 1-3 at 3.) Klein then filed a motion for more definite statement on May 10, 2023, seeking more detailed allegations,

---

[1] Dreamworks performed work on Klein's vehicle on at least two different occasions, once beginning sometime in 2018 and ending with the return of his vehicle in 2019, and another sometime during the summer of 2019. (Doc. 5 ¶¶ 5-9.) The exact dates of the second occasion are unclear, as the amended complaint indicates Klein returned his vehicle to Dreamworks on July 29, 2019, and that Dreamworks thereafter completed the work and returned it on July 23, 2019, which is a factual impossibility. (Id. ¶¶ 8-9.) However, the various invoices (Docs. 5-3, 5-4, 5-5) indicate appointments and work taking place throughout June and July of 2019.

2

particularly as to his alleged promises to pay the debt. (Doc. 12-2.)

Prompted by this motion, Dreamworks moved on June 12, 2023, to amend its complaint to include allegations relating to Klein's promises and a claim for unfair and deceptive acts in violation of North Carolina General Statute § 75-1.1 et seq. Dreamworks set the motion for hearing on July 17, 2023.[2] (Doc. 12-3.) On July 14, 2023, Klein's counsel emailed Dreamworks's counsel to say he had attended a calendar call in Person County Superior Court on July 3, 2023, and had advised the judge "as to the status of this matter as [he] understood it." (Doc. 17-2 at 2.) Klein's counsel further noted that he had secured leave "[o]n record" for the week of July 17, and "while this was filed, it may not have made it to you or your office." (Id.) "In light of this," Klein's counsel advised that "the [matter of the motion to amend] [wa]s now set for November 27, 2023." (Id.) Klein also filed several additional dispositive motions to be considered at that hearing on November 13, 2023. (Doc 12-5.)

On November 27, the Person County Superior Court heard all pending motions and granted Dreamworks's motion to amend, denied all of Klein's motions - except his motion for summary judgment,

---

[2] In between when Klein filed his motion for more definite statement and when Dreamworks filed its motion to amend, Klein also filed a document entitled "Affirmative Defense Motion for Reconsideration with Amended Motion for More Definite Statement." (Doc. 12-4.)

3

on which the court reserved - and ordered Klein to file an answer to the amended complaint within 30 days of service. (Doc. 1-3 at 5-6.)

Instead of filing an answer, however, Klein removed the action to this court on January 4, 2024, citing diversity jurisdiction with an amount in controversy over $75,000 in light of the newly-added Chapter 75 claim, and alleged that Dreamworks had acted in bad faith in delaying the amendment of the complaint. (Doc. 1.) Klein then moved to dismiss the amended complaint. (Docs. 9, 10.) The next day, Dreamworks filed the present motion to remand the action and to assess just costs and expenses, including attorney fees, against Klein incurred as a result of the removal. (Docs. 11, 12.) The motions are fully briefed and ready for decision.

## II. ANALYSIS

### A. Motion to Remand

Dreamworks moves to remand this action to state court, arguing that Klein's removal was improper for two reasons. First, it alleges that Klein failed to satisfy the requirements of 28 U.S.C. § 1446(c) by filing his notice of removal outside its one-year time limit. (Doc. 12 at 7-8.) That provision, adopted in 2011, states:

> (c) Requirements; Removal Based on Diversity of Citizenship.—
>
> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332

4

> more than 1 year after commencement of the action,
> unless the district court finds that the plaintiff
> has acted in bad faith in order to prevent a defendant
> from removing the action.

28 U.S.C. § 1446(c). According to Dreamworks, Klein's motion to remove on January 4, 2024, was substantially beyond the one-year period since litigation commenced on August 11, 2022. (Doc. 12 at 7-8.) Dreamworks argues that the possibility of applicable federal jurisdiction first arose when it filed its motion to amend the complaint on June 12, 2023, which was still within the one-year statutory period, and that Klein should have been on notice from that point forward that the case was removable. (Id. at 8-10.) At a minimum, Dreamworks contends, Klein cannot show that it acted in bad faith in filing the motion to amend the complaint to justify removal outside the statutory window. (Id. at 9-10.) Thus, it concludes, the case should be remanded to state court given Klein's failure to comply with § 1446(c).

Second, Dreamworks argues that the new complaint does not satisfy the jurisdictional requirement set forth in 28 U.S.C. § 1332(a), which requires an amount in controversy that exceeds $75,000. (Id. at 10.) Dreamworks maintains that the principal amount sought in the amended complaint remains $19,663.57, and even with the addition of a claim for treble damages, the amount totals no more than $58,990.71. (Id. at 10-11.) While Klein alleges that attorney's fees will almost certainly push Dreamworks
5

over the $75,000 threshold, Dreamworks notes that North Carolina decisions have "consistently declined to permit utilization of an assumed or projected award of attorney fees to satisfy the amount in controversy requirement in the context of cases presenting Chapter 75 claims in which removal is sought." (Id. at 11 (citing L. Offs. of Michelle A. Ledo, PLLC v. BellSouth Advert. & Publ'g Corp., No. 5:07-CV-236-BO, 2008 WL 11429808 (E.D.N.C. March 27, 2008); Shen v. Cap. One Bank (USA), Nat'l Assoc., 1:19-CV-830, 2020 WL 108985 (M.D.N.C. Jan. 9, 2020); Meletiou v. Fleetpride, Inc., No. 3:22-cv-00666-FDW-DSC; 2023 WL 2468994 (W.D.N.C. March 10, 2023)). Thus, Dreamworks contends, the amount in controversy requirement is not met to a moral certainty, and the case should be remanded.

Klein disputes both arguments. As to timeliness, he argues that there was no basis for removal until December of 2023, when the state court issued the order approving entry of the amended complaint, upon which he based a prompt removal petition. (Doc. 15 at 3-4.) In addition, Klein maintains that Dreamworks displayed bad faith by failing to move to amend its complaint until more than 10 months after the initial filing, on the basis of facts that had been available to Dreamworks at the first filing, thus excusing any delay. (Id. at 3-4). Thus, Klein concludes, his motion to remove complied with the statutory timing bar.

As to the amount in controversy, Klein contends that he has

6

shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  (Id. at 5.)  He does not dispute Dreamworks's assertions as to the base amount at stake or to the treble damages calculation.  (Id.)  Instead, he distinguishes the cases cited by Dreamworks, arguing that they rested on arguments where the specific attorney's fee claimed exceeded what could reasonably be expected in the case.  (Id. at 6-7.)  Klein maintains that the fee award he alleges here, roughly $16,009.29, is not only reasonable but actually reflects the time spent by attorneys in this case so far.  (Id. at 7.)  Thus, he concludes, the evidence indicates that the amount in controversy requirement has been satisfied.[3]

As the party seeking removal, Klein bears the burden of demonstrating that removal is proper and that the various jurisdictional and statutory requirements have been satisfied. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). As to the timeliness requirement, the removal here was plainly more than a year after the litigation was initially commenced. Thus, Klein must show that the delay was due to bad faith by Dreamworks to fall within the statutory exception.

There is presently no definitive test for whether a

---

[3] Klein argues in the alternative that the court should permit discovery as to the amount in controversy if it is not satisfied that the amount has been met.  (Doc. 15 at 8.)

7

plaintiff's actions constitute bad faith within the meaning of 28 U.S.C. § 1446(c), but courts throughout this circuit and others largely agree that a showing of bad faith sets a high bar, requiring some showing that a plaintiff "engaged in forum manipulation specifically to prevent removal." Shorraw v. Bell, No. 4:15-CV-03998-JMC, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016); see also Johnson v. HCR Manorcare LLC, No. 1:15-cv-00189, 2015 WL 6511301, at *4 (N.D.W. Va. Oct. 28, 2015) (quoting Ramirez v. Johnson & Johnson, No. 2:15-cv-09131, 2015 WL 4665809, at *3 (S.D.W. Va. Aug. 6, 2015)) (stating that to prove bad faith, a defendant must "bear[] an arduous burden that requires evidence of forum manipulation"); White v. Lexington Ct. Apartments, LLC, No. 8:16-cv-00427, 2016 WL 1558340, at *3-4 (D. Md. Apr. 18, 2016) (ruling that removal was untimely because the plaintiffs' alleged bad faith acts were not taken to prevent removal); Mansilla-Gomez v. Mid-S. Erectors, Inc., No. 0:14-cv-00308, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014) (finding removal untimely because factors other than preventing removal may have motivated the plaintiff's actions).

Against this backdrop, it is apparent that Klein has failed to prove bad faith by Dreamworks. Klein's argument that Dreamworks purposefully delayed filing its motion to amend to prevent removal because of the one-year bar is unpersuasive as an effort to show bad faith. Though Dreamworks moved to amend the complaint some

8

ten months after the original complaint was filed, it was still almost two months prior to the end of the one-year statutory bar. Dreamworks calendared the hearing for July 17, 2023, and because the state court practice is to rule from the bench on such motions, a ruling on the motion to amend the complaint would have provided Klein 25 days within which to remove the action. This is nearly the full period of time contemplated by the removal statute. Cf. 28 U.S.C. 1446(b)(3) (providing removal deadline of 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

The cases relied on by Klein, namely Dyer v. Capital One National Association, No. 4:20-CV-4230, 2021 WL 3813367 (S.D. Tex. Aug. 23, 2021), and the cases it cites, all involve allegations of bad faith where the actions the plaintiffs took to establish a basis for removal occurred more than one year after the commencement of the litigation. See Dyer, 2021 WL 3813367, at *3 (depicting bad faith as "gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal," where plaintiff waited until over three months after one-year window to amend complaint to increase damages sought by nearly three times) (quoting Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1284 (E.D. Va. 1991)); Vallecillo v. Wells Fargo Home

9

Mortg. Fin., Inc., No. 5:16-CV-935, 2017 WL 9935522, at *2 (W.D. Tex. Sept. 18, 2017) (describing a situation where the plaintiff waited until two years after one-year removal window to reverse prior discovery admission that damages did not exceed $75,000 to then claim $195,000); Barnett v. Sylacauga Autoplex, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) (finding plaintiff estopped from raising the one-year bar where plaintiff added defendants nearly two years after filing the complaint and the originally-sued defendant had been fraudulently joined to defeat diversity); Hill v. Allianz Life Insurance Company of North America, 51 F. Supp. 3d 1277, 1282 (M.D. Fla. 2014) (finding bad faith where, three months after the one-year removal period, plaintiff, whose complaint had earlier alleged that the action was for "less than $75,000," moved to amend it to state he "no longer restricts the amount of damages"), aff'd, 693 F. App'x 855, 856 (11th Cir. 2017); see also Wilson v. Fresh Market, Inc., No. 9:19-cv-81037-Dimtrouleas/Matthewman, 2020 WL 355192, at *5 (S.D. Fla. Jan. 3, 2020) ("[C]ourts routinely find bad faith where plaintiffs seek to amend their complaints after the one-year removal window has expired to claim damages more than $75,000[.]").[4]  Moreover,

---

[4] Klein argues that the relevant date to trigger the one-year period is not the day the motion to amend the complaint was filed but rather the date the amended complaint was actually entered, citing Savilla v. Speedway SuperAmerica, LLC, 91 F. App'x 829, 831 (4th Cir. 2004) (unpublished) (finding removal timely where petition was filed the same day the court entered an order allowing motion to amend complaint (that

10

Dreamworks calendared the motion to be heard in a timely fashion at one of the court's next civil sessions to allow Klein sufficient opportunity (some 25 days), following a ruling (which is typically made from the bench in state court), to remove the case prior to the expiration of the one year. (See Doc. 12 at 4-5.) It was only because Klein's counsel was on secured leave during the court's civil session hearing date[5] that the motion was delayed to the next available civil session, which was outside the one-year period. (Id.; Doc. 17-2.) Even though the Chapter 75 claim was sought to be added some 10 months after the complaint was filed,

---

had proposed amended complaint attached) adding federal claim filed one week earlier, though amended complaint had not been served). Dreamworks provides authority suggesting that the filing of the motion to amend is sufficient to trigger the statutory clock. See McCormick v. Apache, Inc., No. 5:09CV49, 2009 WL 2985470 (N.D. W.Va. 2009) (finding 30-day period for removal runs after service is effective); Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001) (affirming trial court's finding that initial complaint, and not summons, constituted the initial pleading for purposes of removal); Neal v. Trugreen P'ship, 886 F. Supp. 527, 528 (D. Md. 1995) (finding statement in motion to dismiss counterclaim that Title VII claim would be filed sufficed to start 30-day notice period for removal); Morrison v. Nat'l Benefit Life Ins. Co., 889 F. Supp. 945, 948 (S.D. Miss. 1995) (finding removal proper where motion to amend complaint that changed action's earlier disavowal of diversity jurisdiction threshold for damages to $2 million after the one-year removal period expired, because it was "so deceitful as to amount nearly to a fraud on the State Court")). Ultimately, it is immaterial whether, as Dreamworks contends, its motion to amend the complaint sufficed as "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), as there is insufficient evidence to determine that any delay here was in bad faith.

[5] This in no way is meant to undermine counsel's secured leave protection. Rather, the question is only whether Dreamworks acted in bad faith, and the moving of the hearing due to Klein's absence cannot be said to be a consequence of any bad faith by Dreamworks.

11

Dreamworks's calendaring of the motion for hearing sufficient to allow for a ruling within the one-year period severely undercuts Klein's bare assertions of deliberate forum manipulation. Thus, the court finds that Klein has failed to comply with the statutory requirements of 28 U.S.C. § 1446(c), and remand is proper. In light of this finding, the court need not address the parties' arguments pertaining to the amount in controversy.

Having found remand to be proper, the court turns to Dreamworks's request for an award of just costs and expenses.

### B. Request for Just Costs and Actual Expenses

Dreamworks requests that the court order Klein to pay its just costs and actual expenses, including attorney's fees, incurred as a result of the removal. Klein opposes the request.

Pursuant to 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in the event that a court orders the remand of a case. Here, Dreamworks argues that such an award is appropriate "in view of the dilatory and pointless filings made by [Klein] in the case below, and groundless Notice of Removal by [Klein] to this Court." (Doc. 12 at 13.) It further contends that such an award is consistent with the legal standard. (Id. at 13-14 (citing L. Offs. of Michelle A. Ledo, PLLC, 2008 WL 11429808, at *2-3; McDonald v. Altice Tech. Servs. U.S. Corp., No. 2:19-cv-00784; 2020 WL 5665795, at *7-8 (S.D. W.Va. Sept. 23,

12

2020)).) Klein responds that at a minimum he had an objectively reasonable basis for removal. (Doc. 15 at 8-9.)

According to the Supreme Court, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005). In other words, "the standard for awarding fees should turn on the reasonableness of the removal." Id. at 141. More specifically, the Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. A legal argument that is supported by a limited basis of authority and is at least colorable is likely to clear this standard. Butler v. N.C. Dep't of Transp., 154 F. Supp. 3d 252, 255 (M.D.N.C. 2016); Parker v. Johnny Tart Enters., Inc., 104 F.Supp.2d 581, 585 (M.D.N.C.1999). However, "bad faith is not required to award fees," Can. Am. Ass'n of Pro. Baseball, Ltd. v. Ottawa Rapidz, 686 F. Supp. 2d 579, 589 (M.D.N.C. 2010) (citing In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir.1996)), and cases that raise baseless legal arguments may be subject to an award of fees. Cf. In re Lowe, 102 F.3d at 733 n.2 (contrasting case with one in

13

which even a minimal examination of the law would have revealed a lack of federal jurisdiction)(citing Husk v. E.I. Du Pont De Nemours & Co., 842 F. Supp. 895, 899 (S.D.W. Va. 1994)).

Here, an award of fees and costs is warranted, as Klein lacked any objectively reasonable basis for pursuing removal. Klein's removal well beyond the one-year statutory bar was based on an argument of bad faith that lacked a colorable factual basis. There is no evidence that Dreamworks delayed adding a Chapter 75 claim in an effort to intentionally manipulate the forum to defeat federal jurisdiction, as it filed and calendared its motion so it could be resolved during the one-year period. It was Klein's own counsel's unavailability that ultimately caused the motion to amend the complaint to be approved outside the one-year period. Even a "cursory examination . . . would have revealed" a lack of grounds for removal. Husk, 842 F. Supp. at 899. Though Dreamworks characterizes Klein's removal in harsher terms "as a method for delaying litigation and imposing costs on the plaintiff," Martin, 546 U.S. at 140, the court need not adopt this depiction; it is enough to say that Klein lacked an objectively reasonable basis on which to seek removal. It is therefore appropriate for Klein to compensate Dreamworks for the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

14

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Dreamworks's motion to remand (Doc. 11) is GRANTED and this action is REMANDED to the General Court of Justice, Superior Court Division, Person County, for further proceedings.

IT IS FURTHER ORDERED that Klein's motion to dismiss (Doc. 9) be DENIED without prejudice as moot in light of the order to remand.

IT IS FURTHER ORDERED that Dreamworks's request for just costs and actual expenses, including attorney fees, incurred as a result of the removal is GRANTED, and the parties shall consult in accordance with the provisions of Federal Rule of Civil Procedure 54 and Local Rules 54.1 and 54.2 in an effort to reach an agreement in regard to an award. If they fail to reach such agreement, Dreamworks shall file any application of just costs and actual expenses, including attorney fees, within forty-five days of this memorandum opinion and order; Klein shall have to twenty-one days within which to file a response.

                                        /s/   Thomas D. Schroeder
                                    United States District Judge

April 29, 2024